UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

-against-

RUBI GUTIERREZ,

Defendant.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
03-cr-02 (CBA)

**AMON, United States District Judge:**

## INTRODUCTION

Defendant Rubi Gutierrez was charged by information with heroin and cocaine distribution in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), and 841(b)(1)(A)(ii) on April 22, 2003. (See ECF Docket Entry ("D.E.") # 5.) On the same day, pursuant to a plea agreement, Gutierrez pleaded guilty to the information, and she was released pursuant to an unsecured bond. (D.E. # 6.) Several years later, in November 2010, Gutierrez was sentenced by the late Judge David Trager to time served followed by three years of supervised release. (D.E. # 10.)

On August 25, 2026, Gutierrez, represented by Joseph C. Schioppi, Esq., filed "pursuant to the Federal Rules of Civil Procedure," a "motion to Seal And Or To Expunge this case" and to withdraw her guilty plea. (D.E. # 14 at 1, 10.) The case was reassigned to me on August 26, 2026. (See Text Entry dated Aug. 26, 2026.) I then ordered the government to respond to this motion. (See Text Order dated Aug. 26, 2026.) The government responded in a letter opposing the motion on August 31, 2026. (D.E. # 16.) For the reasons set forth below, Defendant's motion is denied.

## ANALYSIS

As noted, Defendant filed, "pursuant to the Federal Rules of Civil Procedure," a "motion to Seal And Or To Expunge this case" and to withdraw her guilty plea. (D.E. # 14 at 1, 10.) Counsel does not identify which federal rule he is referring to, and I am aware of no civil rule that pertains to the relief he seeks. The motion itself consists of twelve pages followed by an identical twelve-page document entered on the docket as an "Affidavit in Support" of the motion. (See D.E. ## 14, 14-1.) The scanned document is overexposed, distorted, typo-laden, partially upside-down, and refers to character letters upon which the court should rely, but which are not attached. (Id.) Regardless, I am able to discern what the motion says and the arguments it presents such that I can make a ruling on its merits.

This motion is meritless for several reasons. First, Defendant's motion appears to rely entirely on state law and procedure, not federal law and procedure. Counsel submits an affirmation that cites "discussions with Assistant District Attorneys" as part of the basis for his affirmation. (D.E. # 14 at 6.) That is odd because Assistant District Attorneys handle state cases whereas Assistant United States Attorneys handle federal cases, and this is a federal case. Next, Mr. Schioppi states that the Defendant moves "pursuant to CPL 220.60(3) to withdraw her previously entered plea of guilty and have her initial plea of not guilty to the entire indictment/information withdrawn," and he cites several state cases to support the motion to withdraw her plea. (Id. at 6-7.) As to Defendant's motion to seal or expunge, Mr. Schioppi's affirmation relies "upon the new Law, instituted in November 2017 by New York State [whereby] A Misdemeanor/ Felony may be expunged and sealed under appropriate circumstances." (Id. at 8.) The motion also requests "a Certificate of Relief from Civil Disabilities under Art.23 [of the state Correctional Law]." (Id. at 7.) But all these authorities are inapposite because "[f]ederal criminal procedure is governed, not

by state practice, but by federal statutes and decisions of the federal courts." United States v. Murdock, 284 U.S. 141, 150 (1931) (citations omitted).

The relief Defendant seeks is properly analyzed under federal criminal law and procedure. Id. As the government correctly notes, "district courts generally lack jurisdiction to entertain motions to expunge conviction records following a defendant's valid conviction." (D.E. # 16 at 1 (citing Doe v. United States, 833 F.3d 192, 198-99 (2d Cir. 2016).) Indeed, "except in limited circumstances authorized by Congress[,]" "[f]ederal district courts do not have subject matter jurisdiction over motions to expunge or seal" a valid conviction record. Patterson v. United States, No. 19-mc-2986 (LDH), 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020). There is no provision under any of the statutes upon which Defendant was convicted that meets that exception. Cf. 18 U.S.C. § 3607(c) (allowing expungement of convictions under 21 U.S.C. § 844 for a person less than twenty-one years old at the time of the offense). Thus, this court has no jurisdiction to expunge or seal Defendant's conviction. As to Defendant's request to withdraw her guilty plea, Federal Rule of Criminal Procedure 11(e) expressly bars this because "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). Defendant is not collaterally attacking her plea in this motion, meaning that she may not withdraw her guilty plea. In sum, federal criminal law bars all the relief that Defendant seeks.

A federal court possesses the inherent power to discipline attorneys who appear before it, including the power to impose sanctions for attorney misconduct. In re Goldstein, 430 F.3d 106, 110 (2d Cir. 2005) (citations omitted). This includes the power "to inquire into fee arrangements to protect the client from excessive fees." Id. (cleaned up). The court "may order attorneys to return fees the client has paid pursuant to a contract." Id. (citations omitted). Although I decline

to impose any formal sanctions on Mr. Schioppi, I note that this motion is frivolous. I therefore urge Mr. Schioppi, in fairness, to refund Ms. Gutierrez any money she may have paid him for its preparation.

## CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED.** Mr. Schioppi is directed to provide a copy of this Memorandum & Order to Ms. Gutierrez.

So Ordered.

Dated: October 6, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge